UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERI SHUCK,

    Plaintiff,

v.                                          Case No.  8:05-cv-2042-T-30TBM

GARY CLARK, individually and in his official
capacity as Civil Service Director of the City of
Lakeland Florida, and CITY OF LAKELAND,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss or Alternatively Motion to Strike (Dkt 4) and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Motion to Strike (Dkt. 5).

## FACTUAL BACKGROUND

Plaintiff, an employee of the City of Lakeland, has filed a two count Complaint against Defendant Gary Clark individually and in his official capacity as Director of the Civil Service Board, and the City of Lakeland alleging she was retaliated against for cooperating in an investigation of Defendant Clark in violation of her First and Fourteenth Amendment rights (Count I) and the Florida Whistleblower's Act, Florida Statutes, §112.3187 (Count II).  Specifically, Plaintiff alleges that after participating in the investigation, Defendant Clark removed her from her work site where her colleagues, supervisors and equipment needed to complete her job were located, placing her in another building across town. Plaintiff also alleges that Defendants retaliated against her by refusing to act on a pay

classification which would have upgraded Plaintiff's job classification and level of compensation. Defendants have moved to dismiss on four grounds: (1) Plaintiff's claims against Gary Clark in his official capacity are redundant of her claims against Defendant City of Lakeland; (2) Florida Whistleblower's Act does not provide relief against persons in their individual capacities; (3) qualified immunity as to Defendant Clark.

## DISCUSSION

**A.     Motion to Dismiss Standard.**

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

**B.     Plaintiff's claims against Defendant Clark in his official capacity.¹**

Defendant argues in its motion to dismiss that the claims against Defendant Clark in his official capacity should be dismissed as these claims are redundant of her claims against the City of Lakeland.  This Court agrees.  See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (finding that suits against municipal officers are in actuality suits directly against the city the officer represents).  Accordingly, Plaintiff's claims against Defendant Clark in his official capacity are dismissed with prejudice.

**C.     Plaintiff's Claims for Retaliation under 42 U.S.C. § 1983 and the Florida Whistleblower's Act.**

Defendant also argues in its Motion to Dismiss that Plaintiff's retaliation claims under § 1983 and under the Florida Whistleblower's Act are insufficient as they do not specify what alleged adverse employment action Plaintiff suffered as a result of the retaliation.   While this Court finds that Plaintiff's allegations as to retaliation under the Florida Whistleblower's Act are sufficient to withstand a Motion to Dismiss, Plaintiff's retaliation claim under §1983 must fail as a matter of law.  See Garcetti v. Ceballos, 126 S.Ct. 1951, 1962 (2006).  In Ceballos, a deputy district attorney filed a §1983 complaint against the county and supervisors at the district attorney's office alleging that he was subject to adverse employment actions in retaliation for writing a disposition memorandum in which he recommended dismissal of a case on the basis of alleged governmental misconduct. Id. at 1955-56.  In rejecting the Ninth

---

¹ On February 1, 2006, Plaintiff voluntarily dismissed with prejudice her claims against Defendant Clark in his individual capacity as well as her claims for punitive damages against Defendant Clark in his official capacity (Dkt. 6).  As such, this Court will not address these claims in this Order.

Circuit's reversal and remand of the District Court's grant of the defendant's motion for summary judgment, the Supreme Court held that the First Amendment does not "shield[] from discipline the expressions an employee makes pursuant to their professional duties." Id. at 1962.

As alleged in the Complaint, Plaintiff, in her position with the Civil Service Board, is responsible for the development, administration and scoring of employment tests (Dkt. 1 at ¶ 7). In participating in the Defendant's investigation of Defendant Clark, Plaintiff alleges in her Complaint that she reported Defendant Clark's alleged violations of civil service rules, specifically his "hiring applicants who had failed tests or who had not been tested at all." (Dkt. 1 at ¶ 10). Plaintiff's report was therefore made pursuant to her official duties as a Civil Service Board employee and pursuant to Garcetti, her § 1983 claims are dismissed with prejudice. See Garcetti, 126 S.Ct. at 1962.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss or Alternatively Motion to Strike (Dkt 4) is **granted in part and denied in part** for the reasons stated herein.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv2042 - Motion to Dismiss- Florida Whistleblower Act.frm