UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHERI SHUCK,**

    **Plaintiff,**

v.                                      Case No.  8:05-cv-2042-T-30TBM

**GARY CLARK and
CITY OF LAKELAND,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration or, In the Alternative, Motion for Certification for Appeal (Dkt. 18) and Defendants' Response in Opposition to the Same (Dkt. 19).

## DISCUSSION

Plaintiff argues in her Motion for Reconsideration that this Court was in error to dismiss Plaintiff's First Amendment claim with prejudice. Specifically, Plaintiff argues that the case upon which this Court relied, <u>Garcetti v. Ceballos,</u> 126 S.Ct. 1951 (2006), is procedurally and dissimilar to the instant case because the Court was reviewing the reversal of a district's granting of summary judgment in favor of the state employer, and the inquiry as to whether plaintiff's expressions were made as a part of his job duties was fact intensive. According to Plaintiff, there are no allegations in the Complaint that Plaintiff's cooperation in the investigation of Gary Clark was done pursuant to her official duties. This Court

disagrees. Paragraph 7 of the complaint states that Plaintiff, in her employment with the civil service and retirement department, was responsible for the "development, administration and scoring of employment tests." (Dkt. 1 at ¶ 7). Additionally, Paragraph 10 states in part that during the investigation of Defendant Clark, Plaintiff informed the investigator that "Defendant Clark had violated the civil service rules of Defendant City . . . by hiring applicants who had failed tests or who had not been tested at all." Id. at ¶ 10. As the individual responsible for the administration and scoring of tests, it is clear that knowledge of those persons who took the tests as well as those persons who passed or failed the tests was well within the purview of Plaintiff's job responsibilities. Therefore, her response to an inquiry about testing information was seemingly done in her role as an employee of the Civil Service and Retirement Department, and not subject to protection under the First Amendment. See Springer v. City of Atlanta, Georgia, 2006 WL 2246188 at 3 (N.D. Ga. 2006) (citing Morris v. Crow, 142 F.3d 1379, 1382 (11th Cir. 1998). Notwithstanding this Court's disagreement with Plaintiff's position regarding these particular allegations, paragraph 10 also includes allegations about Plaintiff's disclosure of Defendant Clark engaging in "violations of law, gross mismanagement, gross waste of public funds and gross neglect of duty." (Dkt. 1 at ¶ 10). The Court does agree that a determination of whether the information contained in these disclosures pertained to Plaintiff's job duties is fact intensive, and thus appropriate for summary judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration or, In the Alternative, Motion for Certification for Appeal (Dkt. 18) is **GRANTED.**

2. Plaintiff's Section 1983 First Amendment claim is reinstated.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-2042 - Motion for Reconsideration.frm